IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KRYSTLE PERRY and
ANTHONY PERRY, *individually and
on behalf of their minor child K.P.*,

      Plaintiffs,

v.

STACY MARTENEY *in her official capacity
as the Virtual Learning Coordinator of the
Upshur County Virtual School;* THE BOARD
OF EDUCATION OF THE COUNTY OF
UPSHUR; CHRISTINE MILLER, *in her
official capacity as Superintendent of the
Upshur County School District*; DR. MATTHEW
CHRISTIANSEN, *in his official capacities as
the State Health Officer and Commissioner of the
Bureau of Public Health;* and BRYAN HOYLMAN
*in his official capacity as Chair of the Board of
Directors of Mountain State Learning Solutions, Inc.,
d/b/a West Virginia Virtual Academy*,

      Defendants.

CIVIL ACTION NO. 2:24-cv-18
JUDGE KLEEH

## JOINT MOTION TO STAY

Now come Plaintiffs Krystle Perry and Anthony Perry, individually and on behalf of their minor child K.P., and Defendants Stacey Marteney and Christine Miller (collectively, the "Parties"), and for the reasons set forth in this motion, jointly move this Court for an Order staying all proceedings in this matter due to the West Virginia Governor's recent Executive Order No. 7-25 dated January 14, 2025 (the "Executive Order"), and legislation that is anticipated in light of that order. *See* **Exhibit A**. As set forth in more detail below, good cause exists to grant the requested stay.

## I. BACKGROUND

In this case, Plaintiffs' Complaint requested a preliminary injunction and permanent injunction related to the enforcement of W. Va. Code § 16-3-4, as applied to Plaintiff K.P. *See* ECF No. 1. This Court granted the preliminary injunction on October 15, 2024 [ECF No. 52] and set forth its *First Order and Notice Regarding Discovery and Scheduling Conference* [ECF No. 53] shortly thereafter. Defendants timely appealed the Court's Preliminary Injunction Order [ECF No. 52] to the Fourth Circuit. *See* ECF No. 55. The primary issue in this case is whether W. Va. Code § 16-3-4 is unconstitutional under a Free Exercise Clause challenge of the First Amendment, as applied to Plaintiff K.P., where Plaintiff is a virtual student in Upshur County Virtual School.

## II. THE EXECUTIVE ORDER

On January 14, 2025, Governor Morrisey issued Executive Order No. 7-25, stating that the absence of a religious exemption in W. Va. Code § 16-3-4 substantially burdens the free exercise of religion in violation of the Equal Protection for Religion Act of 2023 and the "inherent religious liberties guaranteed by the Constitutions of the United States and West Virginia." Ex. A at 2-3. After so declaring, Governor Morrisey directed and ordered the Commissioner of the Bureau of Public Health and State Health Officer to "[e]stablish a process of objections to compulsory school immunization from persons who desire to send their children to a state school or state-regulated child care center but objects on religious or conscientious grounds to one or more vaccine required by the compulsory immunization law" and that "a writing signed by the objector shall be sufficient proof to establish the objection." Ex. A at 2. Governor Morrisey further directed that "all officials and employees of the State . . . shall. . . take no action to enforce the compulsory school immunization requirements against the particular objector or his or her child." *Id*.

Finally, the Executive Order directs the Bureau of Public Health and the State Health Officer to submit a plan to the Governor's office by February 1, 2025, of a "proposal for any necessary legislation and rules, to enable and facilitate a statewide exemption to the compulsory school immunization in Chapter 16, Article 3, Section 4 of the West Virginia Code for objections based on religious and moral beliefs. . ." *Id*.

All parties agree that legislation in the upcoming legislative session on this issue, particularly in light of the Executive Order, is almost certain.

In light of the Executive Order and its directive not to enforce W. Va. Code § 16-3-4 as it is currently written, along with the anticipated legislation arising from the Executive Order, the Parties now jointly move to stay these proceedings and suspend all deadlines in this matter, pending the outcome of the Governor's Executive Order and 2025 West Virginia Legislative session.

### III.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Joint Motion to Stay be granted.

/s/ Ryan S. Moore
Robert J. Kent (5010)
Ryan S. Moore (14155)
Bowles Rice LLP
Fifth Floor, United Square
501 Avery Street, Post Office Box 49
Parkersburg, West Virginia  26102
(304) 420-5504
Facsimile (304) 420-5587
rkent@bowlesrice.com
rmoore@bowlesrice.com

Leigh Anne Wilson (13927)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia  26501
(304) 554-2603
Facsimile (304) 285-2530
lwilson@bowlesrice.com

Counsel for Defendants Stacy Marteney, in her official capacity and Christine Miller, in her official capacity


JOHN H. BRYAN LAW
/s/ *John H. Bryan*
John H. Bryan, Attorney
West Virginia Bar No. 102159
411 Main Street
P.O. Box 366
Union, West Virginia 24983
Tel: (304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

SIRI & GLIMSTAD LLP
Aaron Siri, Esq.*
Elizabeth A. Brehm, Esq.*
Walker D. Moller*
Suzanne Heywood*
745 Fifth Ave, Suite 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com
wmoller@sirillp.com
sheywood@sirillp.com

Christopher Wiest*
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*Attorneys for Plaintiffs*

# STATE OF WEST VIRGINIA

# EXECUTIVE DEPARTMENT

# At Charleston

# EXECUTIVE ORDER NO. 7-25

# By the Governor

**WHEREAS,** the Constitution of West Virginia recognizes that all people "are, by nature, equally free and independent," and "have certain inherent rights" of which they cannot justly be deprived or divested, W. Va. Const. Art. III, § 1 (1872); and

**WHEREAS,** the Constitutions of both the United States and West Virginia acknowledge the "free exercise" of religion, U.S. Const. Amend. I, cl. 2, and freedom "to profess and by argument, maintain" religious opinions, W. Va. Const. art. III, § 15, as among these inherent rights; and

**WHEREAS,** the Constitution of West Virginia also recognizes that no person can be justly "enforced, restrained, molested or burthened, in his body or goods, or otherwise suffer, on account of his religious opinions or beliefs," and that a person's religious beliefs should "in nowise, affect, diminish or enlarge their civil capacities," W. Va. Const. art. III, § 15; and

**WHEREAS,** the Constitution of West Virginia further directs the Legislature to "provide, by general law, for a thorough and efficient system of free schools," W. Va. Const. art. XII, § 1;

**WHEREAS,** the Supreme Court of Appeals of West Virginia found that directive makes "education a fundamental, constitutional right in this State," *State v. Beaver*, 248 W. Va. 177, 196, 887 S.E.2d 610, 629 (2022); and

**WHEREAS,** Chapter 16, Article 3, Section 4 of the West Virginia Code establishes compulsory vaccination requirements for admission to public schools and state-regulated child care centers; and

**WHEREAS,** that compulsory vaccination law prevents any child from attending "the schools of the state or a state-regulated child care center until he or she has been immunized against chickenpox, hepatitis-b, measles, meningitis, mumps, diphtheria, polio, rubella, tetanus and whooping cough," W. Va. Code § 16-3-4(c) (2015); and

**EXHIBIT A**

**WHEREAS,** the law authorizes the Commissioner of the Bureau for Public Health to "grant . . . exemptions to the compulsory immunization requirements of this section, on a statewide basis, upon sufficient medical evidence that immunization is contraindicated or there exists a specific precaution to a particular vaccine," W. Va. Code § 16-3-4(h); and

**WHEREAS,** in isolation, West Virginia Code Section 16-3-4 does not expressly provide for a religious or conscientious based exemption to compulsory school vaccination; and

**WHEREAS,** the only other states that do not allow any type of non-medical exemption for school immunization are California, New York, Connecticut, and Maine, NATIONAL CONFERENCE OF STATE LEGISLATURES, STATE NON-MEDICAL EXEMPTIONS FROM SCHOOL IMMUNIZATION REQUIREMENTS (Aug. 13, 2024), https://www.ncsl.org/health/state-non-medical-exemptions-from-school-immunization-requirements; and

**WHEREAS,** more recently, the Legislature enacted the Equal Protection for Religion Act of 2023, W. Va. Acts 2023, c. 295 (May 29, 2023), *codified in* W. Va. Code § 35-1A-1 (2023); and

**WHEREAS,** that law mandates that "no state action may" "[s]ubstantially burden a person's exercise of religion unless" it "is essential to further a compelling governmental interest" and "is the least restrictive means of" achieving that interest, W. Va. Code § 35-1A-1(a)(1); and

**WHEREAS,** the Legislature directed the Equal Protection for Religion Act to apply "[n]otwithstanding any other provision of law," W. Va. Code § 35-1A-1(a); and

**WHEREAS,** a number of citizens of West Virginia have religious and moral objections to one or more of the vaccines on the compulsory immunization list; and

**WHEREAS,** compulsory immunization forces those West Virginians to choose between their religious belief and their children's fundamental right to public education; and

**WHEREAS,** even after the enactment of the Equal Protection for Religion Act of 2023, the compulsory immunization law is still being used to bar West Virginians with religious and moral objections to vaccines from sending their children to state schools; and

**WHEREAS,** forcing those West Virginians to vaccinate their children despite their religious and moral objections substantially burdens the free exercise of religion in violation of

the inherent religious liberties guaranteed by the Constitutions of the United States and West Virginia; and

**WHEREAS**, the Constitution of West Virginia vests "chief executive powers" of the State in the Governor and entrusts the Governor to "take care that the laws be faithfully executed." W. Va. Const. art. VII, § 5 (1872).

**NOW, THEREFORE, I, PATRICK MORRISEY,** by virtue of the authority vested in me as the Governor of the State of West Virginia, do hereby **DIRECT** and **ORDER**:

1. The Commissioner of the Bureau for Public Health and the State Health Officer to:
   a. Establish a process for objections to compulsory school immunization from persons who desire to send their children to a state school or state-regulated child care center but object on religious or conscientious grounds to one or more vaccine required by the compulsory immunization law;
      i. For purposes of this process, a writing signed by the objector shall be sufficient proof to establish the objection;
2. When—as directed by the Equal Protection for Religion Act of 2023, W. Va. Code § 35-1A-1 (2023)—the compulsory immunizations requirements violate a religious and moral objection, the Commissioner of the Bureau for Public Health, the State Health Officer, and all officials and employees of the State under their authority shall—consistent with the Equal Protection for Religion Act of 2023, W. Va. Code § 35-1A-1 (2023)—take no action to enforce the compulsory school immunization requirements against the particular objector or his or her child.
3. By February 1, 2025, the Bureau for Public Health and the State Health Officer shall
   a. Submit a plan the Office of the Governor, including a proposal for any necessary legislation and rules, to enable and facilitate a statewide exemption to the compulsory school immunization in Chapter 16, Article 3, Section 4 of the West Virginia Code for objections based on religious and moral beliefs; and
   b. Report to the Office of the Governor on the number of people who have filed written objections to the compulsory school immunization requirements.

**IN WITNESS WHEREOF,** I have hereunto set my hand and caused the Great Seal of the State of West Virginia to be affixed.



**DONE** at the Capitol in the City of Charleston, State of West Virginia, this Fourteenth Day of January, in the Year of our Lord, Two Thousand Twenty-Five in the One Hundred Sixty-Second Year of the State.

*[signature]*
**GOVERNOR**

*[signature]*
**SECRETARY OF STATE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KRYSTLE PERRY and
ANTHONY PERRY, individually and
on behalf of their minor child K.P.,

    Plaintiffs,

v.                                                                                                  CIVIL ACTION NO. 2:24-cv-18
                                                                                                    JUDGE KLEEH
STACY MARTENEY *in her official capacity
as the Virtual Learning Coordinator of the
Upshur County Virtual School;* THE BOARD
OF EDUCATION OF THE COUNTY OF
UPSHUR; CHRISTINE MILLER, *in her
official capacity as Superintendent of the
Upshur County School District*; DR. MATTHEW
CHRISTIANSEN, *in his official capacities as
the State Health Officer and Commissioner of the
Bureau of Public Health;* and BRYAN HOYLMAN
*in his official capacity as Chair of the Board of
Directors of Mountain State Learning Solutions, Inc.,
d/b/a West Virginia Virtual Academy*,

    Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                 */s/ Ryan S. Moore*
                                                 Ryan S. Moore

17369720.1