IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KRYSTLE PERRY and
ANTHONY PERRY, *individually and
on behalf of their minor child K.P.*,

    Plaintiffs,

v.

STACY MARTENEY *in her official capacity
as the Virtual Learning Coordinator of the
Upshur County Virtual School;* THE BOARD
OF EDUCATION OF THE COUNTY OF
UPSHUR; CHRISTINE MILLER, *in her
official capacity as Superintendent of the
Upshur County School District*; DR. MATTHEW
CHRISTIANSEN, *in his official capacities as
the State Health Officer and Commissioner of the
Bureau of Public Health;* and BRYAN HOYLMAN
*in his official capacity as Chair of the Board of
Directors of Mountain State Learning Solutions, Inc.,
d/b/a West Virginia Virtual Academy*,

    Defendants.

CIVIL ACTION NO. 2:24-cv-18
JUDGE KLEEH

## JOINT STATUS REPORT

Pursuant to this Court's January 31, 2025, Order (ECF No. 67) and its July 10, 2025 Order (ECF No. 78), the parties hereby submit the following status update:

    1.    The primary issue in this case is whether W. Va. Code § 16-3-4 is unconstitutional under a Free Exercise Clause challenge of the First Amendment, as applied to Plaintiff K.P., where Plaintiff is a virtual student in Upshur County Virtual School. *See* ECF No. 1.

    2.    On January 14, 2025, West Virginia Governor Morrisey issued Executive Order 7-25, stating that the absence of a religious exemption in W. Va. Code § 16-3-4 substantially

burdens the free exercise of religion in violation of the Equal Protection for Religion Act of 2023 and the "inherent religious liberties guaranteed by the Constitutions of the United States and West Virginia." *See* ECF No. 65, Exhibit A.

3. This Executive Order further ordered that the State Health Officer submit a plan to the Governor's office regarding the proposal of any necessary legislation and rules to enable and facilitate a statewide exemption to W. Va. Code § 16-3-4. *Id*.

4. On January 22, 2025, the parties filed a joint motion to stay all proceedings due to the West Virginia Governor Morrisey's recent Executive Order No. 7-25 dated January 14, 2025. *See* ECF No. 65.

5. On January 31, 2025, this Court granted the joint motion to stay and directed the parties to submit monthly joint status reports beginning on February 28, 2025. *See* ECF No. 67.

6. During the West Virginia legislative session, consideration by the Legislature was given to the potential modification of West Virginia Code § 16-3-4. During the 2025 legislative session, Senate Bill 460, the purpose of which was to "modify the requirements for compulsory childhood immunizations to provide for exemptions based on religious and philosophical objections," passed in the Senate but was rejected in the House of Delegates. Therefore, no such legislation modifying West Virginia Code § 16-3-4 was enacted during the legislative session, which concluded on April 12, 2025.

7. On May 9, 2025, Governor Morrisey issued a letter setting forth guidelines for seeking a religious or moral exemption, and saying that despite the legislative hurdle, the executive order "still stands, and I have no intention of rescinding it."

8. Although the legislative session adjourned, Governor Morrisey has the constitutional authority to invoke an extraordinary legislative Session pursuant to Article VII-7-7 of the Constitution of West Virginia.

9. Further, Governor Morrisey had preliminarily indicated that he intended to call an extraordinary legislative session regarding the Public Employees Insurance Agency (PEIA).[1]

10. To date, the Governor has not yet issued a proclamation pursuant to Article VII-7-7 of the West Virginia Constitution regarding PEIA or religious exemptions, including the changes to W. Va. Code § 16-3-4 that Governor Morrisey's Executive Order 7-25 sought to implement.

11. At the time of this Status Report, the Governor's Executive Order 7-25 remains in effect.

12. Two West Virginia parents continue litigation under West Virginia's Equal Protection for Religion Act (EPRA), W. Va. Code § 35-1A-1, in state court seeking to permit vaccine exemptions on religious grounds.[2] That case is captioned as *Miranda Guzman, et al. v. West Virginia Board of Education, et al.*, Civil Action No. 25-C-230 (Raleigh County, West Virginia).

13. In the *Guzman* matter, the plaintiffs sought a preliminary injunction from the State Court on the basis that W. Va. Code § 16-3-4 violates the EPRA because it does not provide religious exemptions.

---

[1] *See* https://westvirginiawatch.com/2025/04/24/morrisey-says-hell-call-special-session-for-peia/ (last accessed April 28, 2025).

[2] https://wvpublic.org/backed-by-governor-raleigh-county-mom-sues-for-religious-vaccine-exemption/ (last accessed June 30, 2025).

14. On July 24, 2025, the State Court held the preliminary injunction hearing in the *Guzman* matter and granted the preliminary injunction in plaintiffs' favor.

15. On August 12, 2025 the Circuit Court of Raleigh County in the *Guzman* matter entered its Order Granting Motion for Preliminary Injunction and Setting Permanent Injunction Hearing.

16. On August 15, 2025, Defendants and Intervenor in the *Guzman* case noticed their appeal of the preliminary injunction order to the Supreme Court of Appeals of West Virginia ("WVSCA"). The WVSCA issued a Scheduling Order indicating that the matter would be fully briefed and mature for consideration by February 16, 2026.

17. The first two days of the hearing on permanent injunctive relief took place on September 10 and 11, 2025. The continued hearing on permanent injunctive relief took place on October 8 and 9, 2025. The State Court has not yet entered its order related to permanent injunctive relief.

18. However, on October 16, 2025, the State Court entered an Order granting the *Guzman* Plaintiffs' Motion for Class Certification ("Class Certification Order").

19. In the Class Certification Order, the State Court certified the following class:

> All individuals and families in the State of West Virginia who have sought, obtained, or will in the future seek an exemption under the Equal Protection of Religion Act ("EPRA") for vaccination requirements, and whose children have been, are being, or will be denied access to public schools due to the enforcement of the Compulsory Vaccination Law ("CVL"), or who are otherwise subject to Defendants' policy refusing to recognize exemptions to the CVL.

20. The class definition "excludes any individuals or families who have obtained a final judgment on the merits in another court concerning the same claims or issues

4

presented herein. Class members who are currently pursuing related actions in other courts may join this class upon voluntary withdrawal of their pending claims, with leave of the court in which those claims are pending."

21. The resolution of the *Guzman* matter on the final merits may have impacts on the present case in this Court.

22. Similarly, class relief in the *Guzman* matter to the above-defined class, may have impacts on the present case in this Court.

23. Likewise, resolution by the WVSCA related to the *Guzman* interlocutory order will realistically impact the matter before this Court.

24. However, an opposite decision on the merits of the *Guzman* claims (i.e., that EPRA does not provide religious exemptions) would not resolve the claims in this civil action.

25. In previous status reports filed before this Court, the Parties had agreed to continue the stay given the various events that have been unfolding which has provided uncertainty as to whether this matter may be resolved without this Court's intervention.

26. However, at the time of the last status report, the Parties could not agree as to whether the stay should be continued, necessitating separate status reports. *See* ECF Nos. 76 and 77.

27. The stay over the appellate matter involving this Court's Preliminary Injunction Order (No. 24-2132) was recently lifted on July 21, 2025.

28. For the reasons above, and for the reasons stated more fully in the *Status Report of Defendants,* filed July 1, 2025 [ECF No. 77], Defendants believe good cause remains to continue the stay and respectfully request that the stay remain in place in this matter.

29. Plaintiffs respectfully request that the stay be lifted for the reasons more fully stated in *Plaintiffs' Status Report*, filed June 30, 2025 (ECF No. 76).

30. The Parties remain in disagreement as to the continuation of this stay.

/s/ Leigh Anne Wilson
Leigh Anne Wilson (13927)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV  26501
(304) 554-2603
Facsimile (304) 285-2530
lwilson@bowlesrice.com

Robert J. Kent (5010)
Bowles Rice LLP
501 Avery Street, Fifth Floor
Post Office Box 49
Parkersburg, WV  26102
(304) 420-5504
Facsimile (304) 420-5587
rkent@bowlesrice.com

*Counsel for Defendants Stacy Marteney, in her official capacity and Christine Miller, in her official capacity*

/s/ Walker Moller [with permission]
Walker Moller
Siri & Glimstad LLP
1005 Congress Avenue, Suite 925-C36
Austin, TX  78701
(888) 747-4529
wmoller@sirillp.com

Aaron Siri
Elizabeth Ann Brehm
Siri & Glimstad, LLP
Suite 500
745 5th Avenue
New York, NY  10151
(212) 532-1091
Facsimile (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, KY  41017
(513) 257-1895
Facsimile (859) 495-0803
chris@cwiestlaw.com

John H. Bryan (102159)
411 Main Street
Post Office Box 366
Union, WV  24983
(304) 772-4999
Facsimile (304) 772-4998
jhb@johnbryanlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, I electronically filed the foregoing **Joint Status Report** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the parties in this case.

*/s/ Leigh Anne Wilson*
Leigh Anne Wilson

8

18081215.1