IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KRYSTLE PERRY and
ANTHONY PERRY, *individually and*
*on behalf of their minor child K.P.*,

        Plaintiffs,

v.

STACY MARTENEY *in her official capacity*
*as the Virtual Learning Coordinator of the*
*Upshur County Virtual School;* THE BOARD
OF EDUCATION OF THE COUNTY OF
UPSHUR; CHRISTINE MILLER, *in her*
*official capacity as Superintendent of the*
*Upshur County School District*; DR. MATTHEW
CHRISTIANSEN, *in his official capacities as*
*the State Health Officer and Commissioner of the*
*Bureau of Public Health;* and BRYAN HOYLMAN
*in his official capacity as Chair of the Board of*
*Directors of Mountain State Learning Solutions, Inc.,*
*d/b/a West Virginia Virtual Academy*,

        Defendants.

CIVIL ACTION NO. 2:24-cv-18
JUDGE KLEEH

**JOINT STATUS REPORT**

Pursuant to this Court's January 31, 2025, Order (ECF No. 67) and its July 10,2025 Order (ECF No. 78), the parties hereby submit the following status update:

1.     The primary issue in this case is whether W. Va. Code § 16-3-4 is unconstitutional under a Free Exercise Clause challenge of the First Amendment, as applied to Plaintiff K.P., where Plaintiff is a virtual student in Upshur County Virtual School. *See* ECF No. 1.

2.     On January 14, 2025, West Virginia Governor Morrisey issued Executive Order 7-25, stating that the absence of a religious exemption in W. Va. Code § 16-3-4 substantially

burdens the free exercise of religion in violation of the Equal Protection for Religion Act of 2023 and the "inherent religious liberties guaranteed by the Constitutions of the United States and West Virginia." *See* ECF No. 65, Exhibit A.

3.      This Executive Order further ordered that the State Health Officer submit a plan to the Governor's office regarding the proposal of any necessary legislation and rules to enable and facilitate a statewide exemption to W. Va. Code § 16-3-4. *Id*.

4.      On January 22, 2025, the parties filed a joint motion to stay all proceedings due to the West Virginia Governor Morrisey's recent Executive Order No. 7-25 dated January 14, 2025. *See* ECF No. 65.

5.      On January 31, 2025, this Court granted the joint motion to stay and directed the parties to submit monthly joint status reports beginning on February 28, 2025. *See* ECF No. 67.

6.      During the 2025 West Virginia legislative session, consideration by the Legislature was given to the potential modification of West Virginia Code § 16-3-4. During the 2025 legislative session, Senate Bill 460, the purpose of which was to "modify the requirements for compulsory childhood immunizations to provide for exemptions based on religious and philosophical objections," passed in the Senate but was rejected in the House of Delegates. Therefore, no such legislation modifying West Virginia Code § 16-3-4 was enacted during the legislative session, which concluded on April 12, 2025.

7.      On May 9, 2025, Governor Morrisey issued a letter setting forth guidelines for seeking a religious or moral exemption, and saying that despite the legislative hurdle, the executive order "still stands, and I have no intention of rescinding it."

2

8.      Although the 2025 legislative session adjourned, Governor Morrisey has the constitutional authority to invoke an extraordinary legislative Session pursuant to Article VII-7-7 of the Constitution of West Virginia.

9.      Further, Governor Morrisey had preliminarily indicated that he intended to call an extraordinary legislative session regarding the Public Employees Insurance Agency (PEIA).[1]

10.     To date, the Governor has not yet issued a proclamation pursuant to Article VII-7-7 of the West Virginia Constitution regarding PEIA or religious exemptions, including the changes to W. Va. Code § 16-3-4 that Governor Morrisey's Executive Order 7-25 sought to implement.

11.     On January 14, 2026, the West Virginia Legislature commenced its 2026 regular session.

12.     On March 14, 2026, the 2026 regular legislative session ended.  A number of bills were introduced that sought to amend West Virginia Code § 16-3-4 and/or to impact vaccination.  The West Virginia Legislature's records indicate that no such bill passed during the 2026 regular legislative session.

13.     At the time of this Status Report, the Governor's Executive Order 7-25 remains in effect.

14.      Two West Virginia parents continue litigation under West Virginia's Equal Protection for Religion Act (EPRA), W. Va. Code § 35-1A-1, in state court seeking to permit

---

[1] *See* https://westvirginiawatch.com/2025/04/24/morrisey-says-hell-call-special-session-for-peia/ (last accessed April 28, 2025).

vaccine exemptions on religious grounds.[2]  That case is captioned as *Miranda Guzman, et al. v. West Virginia Board of Education, et al.*, Civil Action No. 25-C-230 (Raleigh County, West Virginia).

15.    In the *Guzman* matter, the plaintiffs sought a preliminary injunction from the State Court on the basis that W. Va. Code § 16-3-4 violates the EPRA because it does not provide religious exemptions.

16.    On July 24, 2025, the State Court held the preliminary injunction hearing in the *Guzman* matter and granted the preliminary injunction in plaintiffs' favor.

17.    On August 12, 2025 the Circuit Court of Raleigh County in the *Guzman* matter entered its Order Granting Motion for Preliminary Injunction and Setting Permanent Injunction Hearing.

18.    On August 15, 2025, Defendants and Intervenor in the *Guzman* case noticed their appeal of the preliminary injunction order to the Supreme Court of Appeals of West Virginia ("WVSCA").  The WVSCA issued a Scheduling Order indicating that the matter would be fully briefed and mature for consideration by February 16, 2026.

19.    The first two days of the hearing on permanent injunctive relief took place on September 10 and 11, 2025.  The continued hearing on permanent injunctive relief took place on October 8 and 9, 2025.

20.    On October 16, 2025, the State Court entered an Order granting the *Guzman* Plaintiffs' Motion for Class Certification ("Class Certification Order").

---

[2] https://wvpublic.org/backed-by-governor-raleigh-county-mom-sues-for-religious-vaccine-exemption/ (last accessed June 30, 2025).

21.    In the Class Certification Order, the State Court certified the following class:

> All individuals and families in the State of West Virginia who have sought, obtained, or will in the future seek an exemption under the Equal Protection of Religion Act ("EPRA") for vaccination requirements, and whose children have been, are being, or will be denied access to public schools due to the enforcement of the Compulsory Vaccination Law ("CVL"), or who are otherwise subject to Defendants' policy refusing to recognize exemptions to the CVL.

The class definition "excludes any individuals or families who have obtained a final judgment on the merits in another court concerning the same claims or issues presented herein.  Class members who are currently pursuing related actions in other courts may join this class upon voluntary withdrawal of their pending claims, with leave of the court in which those claims are pending."

22.    On November 5, 2025, the State Board of Education ("State Board"), the Raleigh County Board of Education, and the Intervenor filed a petition for Writ of Prohibition against the Circuit Court of Raleigh County, seeking an order to show cause and a writ of prohibition reversing the class certification order.

23.    On November 7, 2025, the Guzman Court entered a Supplemental Class Certification Order, incorporating the Plaintiffs' Proposed Class Certification Order by reference and certifying a class definition of:

> All persons who have requested or received, or in the future request or receive during the period that Defendants' maintain their no religious accommodations policy to the CVL, for themselves or for their children or for children for whom they are a parent or guardian, a religious accommodation to the CVL from the State Department of Health and who are not, or whose children are not, in compliance with the CVL.  Excluded from this class definition are: (i) the Court and its staff; and (ii) any person who as litigated or in the future litigates, to final judgment, in any other court against the Defendants herein, a claim under the EPRA for religious accommodations to the CVL.

24.    The Plaintiffs herein have not sought an exemption under EPRA.

25.     By Order entered on November 7, 2025, the WVSCA ordered that the *Guzman* plaintiffs file a response to the petition for Writ of Prohibition on or before December 5, 2025, at which time the matter will be mature for consideration by the WVSCA.

26.     On November 26, 2025, the State Court entered its "Findings of Fact, Conclusions of Law, and Order Granting Permanent Injunction and Declaratory Relief" ("Order Granting Permanent Injunctive Relief") in favor of the *Guzman* plaintiffs and the class members. The Order Granting Permanent Injunctive Relief directed that the State Board was prohibited from enforcing the CVL against members of the class who had been issued religious exemptions (or against any student who is issued a religious exemption in the future).

27.     On December 2, 2025, the WVSCA stayed enforcement of the State Court's Order Granting Permanent Injunctive Relief and likewise stayed further proceedings in State Court pending resolution of the petition for Writ of Prohibition.

28.     On December 2, 2025, the State Board issued the following statement:

> In light of the West Virginia Supreme Court's stay of the class certification order and the permanent injunction order entered in Raleigh County Circuit Court, the West Virginia Board of Education is reinstating its directive to county boards of education not to accept religious exemptions to compulsory vaccination laws. This directive will be in effect until the Supreme Court issues further guidance. Our priority is to ensure compliance with W. Va. Code §16-3-4 and safeguard the health and well-being of all students across West Virginia.

29.     On December 8, 2025, the State Board, the Raleigh County Board of Education, and the Intervenor filed Notice of Appeal with the WVSCA related to the State Court's Order Granting Permanent Injunctive Relief, seeking reversal of the Circuit Court's preliminary and permanent injunction orders, denial of Petitioners' motion to exclude Plaintiffs' expert, Dr. Neuenschwander, and the class certification order.  On March 26, 2026, the State Board, the

Raleigh County Board of Education, and the Intervenor perfected their appeal before the WVSCA. The WVSCA Scheduling Order states that the appeal will be mature for consideration by June 1, 2026.

30.    Further, on December 8, 2025, the U.S. Supreme Court vacated a Second Circuit decision and remanded the case for further consideration in light of *Mahmoud v. Taylor*, 145 S. Ct. 2332 (2025).  *See Miller v. McDonald,* Case No. 25-133, 2025 U.S. LEXIS 4515 (U.S. Dec. 8, 2025).

31.    The resolution of the *Guzman* matter on the final merits may have impacts on the present case in this Court.

32.    Similarly, class relief in the *Guzman* matter to the above-defined class, may have impacts on the present case in this Court.

33.    Likewise, resolution by the WVSCA related to the *Guzman* injunctive orders will realistically impact the matter before this Court.

34.    However, an opposite decision on the merits of the *Guzman* claims (i.e., that EPRA does not provide religious exemptions) would not resolve the claims in this civil action.

35.    In previous status reports filed before this Court, the Parties had agreed to continue the stay given the various events that have been unfolding which has provided uncertainty as to whether this matter may be resolved without this Court's intervention.

36.    The stay over the appellate matter involving this Court's Preliminary Injunction Order (No. 24-2132) was lifted on July 21, 2025.

37.    On January 27, 2026, the United States District Court of Appeals for the Fourth Circuit ("Fourth Circuit") heard the oral arguments of the parties in the appellate matter involving this Court's Preliminary Injunction Order (No. 24-2132).  The Fourth Circuit panel was

comprised of Judge J. Harvie Wilkinson III, Judge G. Steven Agee, and Judge Paul V. Niemeyer. Presently, the appellate matter is ripe for decision by the Fourth Circuit panel.

38.    On April 8, 2026, the Fourth Circuit published an opinion, authored by Circuit Judge Wilkinson, that reversed this Court's decision to grant a preliminary injunction and remanded the case for proceedings duly informed by the Fourth's Circuit's decision.  Circuit Judge Niemeyer authored a dissenting opinion.

39.    Also, on April 8, 2026, the Fourth Circuit entered a Notice of Judgment that provided the deadlines for petition for writ of certiorari, petition for rehearing, and petition for rehearing en banc.

40.    On April 14, 2026, Plaintiffs/Appellees filed in the Fourth Circuit their Motion for Stay of the Mandate Pending Petition for Writ of Certiorari.  Plaintiffs/Appellees noted in their Motion that Defendants/Appellants did not oppose a 90-day stay.

41.    On April 15, 2026, the Fourth Circuit entered an Order Granting the Motion for Stay of the Mandate for "up to, but not beyond, a period of 90 days."  The practical effect of this Order is that K.P. is permitted to remain enrolled in Upshur County Virtual School and that the CVL will not be enforced against her for up to 90 days, which includes through the end of the 2025-2026 academic year.

42.    Plaintiffs/Appellees have indicated they intend to petition the U.S. Supreme Court for a writ of certiorari in this matter, and will timely do so.

43.    For the reasons above, and for the reasons stated more fully in the *Status Report of Defendants,* filed July 1, 2025 [ECF No. 77], Plaintiffs and Defendants believe good cause remains to continue the stay and respectfully request that the stay remain in place in this matter.

*/s/ Leigh Anne Wilson*
Corey L. Palumbo (7765)
William M. Lorensen (13223)
Bowles Rice LLP
600 Quarrier Street
Charleston, WV 25301
P: (304) 347-1100 / F: (304) 347-1756
cpalumbo@bowlesrice.com
wlorensen@bowlesrice.com

Leigh Anne Wilson (13927)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV  26501
P: (304) 554-2603 / F: (304) 285-2530
lwilson@bowlesrice.com

*Counsel for Defendants Stacy Marteney, in her official capacity and Christine Miller, in her official capacity*

*/s/      Walker Moller*
Walker Moller
Siri & Glimstad LLP
1005 Congress Avenue, Suite 925-C36
Austin, TX  78701
(888) 747-4529
wmoller@sirillp.com

Aaron Siri
Elizabeth Ann Brehm
Siri & Glimstad, LLP
Suite 500
745 5th Avenue
New York, NY  10151
(212) 532-1091
Facsimile (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com

9

Christopher Wiest
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd., Suite 104
Crestview Hills, KY  41017
(513) 257-1895
Facsimile (859) 495-0803
chris@cwiestlaw.com

John H. Bryan (102159)
411 Main Street
Post Office Box 366
Union, WV  24983
(304) 772-4999
Facsimile (304) 772-4998
jhb@johnbryanlaw.com

*Counsel for Plaintiffs*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the parties in this case.

*/s/ Leigh Anne Wilson*
Leigh Anne Wilson (13927)

18341361.1